# Court of Appeals
# of the State of Georgia

ATLANTA,  August 12, 2026

*The Court of Appeals hereby passes the following order:*

### A27D0045. AEISHA DURAND v. CH REALTY X-PENLER MF ATLANTA ELEVEN85, LLC D/B/A ELEVEN85.

Aeisha Durand filed this application for discretionary appeal from a magistrate court judgment issuing a writ of possession. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023) (cleaned up). See also OCGA § 5-3-4(a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). This Court has jurisdiction to address a magistrate court order only after review by a state or superior court. See, e.g., OCGA § 15-10-41(b)(1); *Harris v. Reserve at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025).

We thus lack jurisdiction to consider this application. But under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. Accord Court of Appeals Rule 11(b). To the extent that this filing may be construed as a petition for review under OCGA § 5-3-1 et seq., it is hereby TRANSFERRED to the Magistrate Court of Fulton County with direction to transmit it to the state or superior court for disposition.

We recognize that we are in possession of limited material and that our determination that jurisdiction may lie in another court is limited by this dearth of information. Thus, our ruling should not constrain either the magistrate court or the superior court to the extent those courts determine either that Durand has not perfected the right to appeal or that jurisdiction lies elsewhere.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___08/12/2026_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.